*E-Filed 3/8/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNEDY FUNDING, INC., a New Jersey Corporation,<br><br>        Plaintiff,<br>  v.<br><br>NICOLAS CHAPMAN, an individual; JIREH EDUCATIONAL MINISTRIES, a California non-profit corporation; NEWPORT AVALON INVESTORS, LLC, a California limited liability company; BRIAN D. EVANS, an individual; MANCEBO CORPORATION, a California Corporation; ARNE WAGNER, an individual; LAWRENCE S. THAL, an individual; REDGE MARTIN, an individual; VANGUARD FINANCIAL LTD.; and DOES 1 through 50, Inclusive,<br><br>        Defendants.<br>_____/<br><br>NEWPORT AVALON INVESTORS, LLC, a California limited liability company<br><br>        Counter-Claimant,<br>  v.<br><br>KENNEDY FUNDING, INC., a New Jersey corporation,<br><br>        Counterclaim-Defendant.<br>_____/ | Case No. C 09-01957 RS<br><br>**ORDER DENYING MOTION TO DISMISS, DENYING REQUEST FOR ALTERNATIVE RELIEF, AND SETTING CASE MANAGEMENT CONFERENCE** |

## I. INTRODUCTION

Plaintiff Kennedy Funding, Inc. (Kennedy) filed suit against Nicholas Chapman, Jirah Educational Ministries, Newport Avalon Investors (collectively "Newport") alleging breach of contract and related claims arising out of a settlement agreement reached after Newport defaulted on a loan obtained for a real estate development project.[1]  Separately, Kennedy has been sued in New Jersey state court by a third-party to this suit that was involved in funding the loan extended by Kennedy.  The plaintiff in the New Jersey action obtained a preliminary injunction enjoining Kennedy from entering into any settlement with Newport affecting title to the property under development.  Based on this restriction, Newport presently moves for dismissal or a stay of this action or, alternatively, for an Order requiring the parties to participate in settlement negotiations.  Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument.  For the reasons stated below, Newport's motion to dismiss or for alternative relief is denied.

## II. BACKGROUND

This suit arises out of a $5,000,000 loan that Newport obtained from Kennedy to purchase and develop property in Pleasanton, California.[2]  After Newport entered bankruptcy, the parties reached a settlement agreement approved by the bankruptcy court.  Based on the alleged breach of that agreement, Kennedy filed suit in Alameda Superior Court and the case was removed to this Court in May 2009.  During the fall of 2009, the parties engaged in settlement negotiations and, according to Newport, reached a tentative agreement in October 2009.  That agreement provided, in part, that Kennedy would receive a deed in lieu of foreclosure to six of the nine lots comprising the Pleasanton property.  Over the next few months, the parties exchanged drafts of the agreement and junior lien holders joined the discussion.  On March 8, 2010, however, Kennedy rejected the offer.

Meanwhile, on January 22, 2010, KSI Funding, Inc. (KSI) sued Kennedy and eight additional parties in the Superior Court of New Jersey.  KSI and the other defendants helped fund

---

[1] In its second amended complaint, Kennedy added additional defendants representing junior lien holders.  These defendants, as well as Newport, have alleged counterclaims against Kennedy.
[2] Prior Orders have set out relevant portions of the alleged factual background in this action. *See Kennedy Funding, Inc. v. Chapman*, No. C 09-01957 RS, 2010 U.S. Dist. LEXIS 116038, at *3-5 (N.D. Cal. Nov. 1, 2010); *Kennedy Funding, Inc. v. Chapman*, No. C 09-01957 RS, 2010 U.S. Dist. LEXIS 60475, at *4-8 (N.D. Cal. June 18, 2010).  Only the background material to this motion is recited above.

the $5,000,000 loan extended to Newport. Through its suit, KSI seeks to enforce rights under the co-lender agreement into which it entered with Kennedy and these other investors. In its complaint, KSI contends that Kennedy is "attempting to sell off some of the [Pleasanton] lots" to Newport and objects that this action will reduce the value of the development project as a whole. On March 18, 2010, KSI obtained a preliminary injunction enjoining Kennedy from "transferring, selling, exchanging, affecting title, encumbering, deeding, accepting deeds of any kind, or taking any other action impacting the marketability of title" of the Pleasanton property. On September 7, 2010, the New Jersey court entered a modification of the preliminary injunction order to clarify that the prohibition against activity "affecting title" did not preclude Kennedy from "pursuing all judicial actions and non-judicial remedies" in connection with Newport's default of the loan. Any settlement into which Kennedy enters is subject to the terms of the preliminary injunction.

In its March 18, 2010 order, the New Jersey court mandated that counsel for Kennedy serve a copy on "all participants in the Newport Avalon Trust." Newport, however, contends that it was not notified by Kennedy of the New Jersey litigation or of the preliminary injunction. On April 1, 2010, Kennedy participated in filing a Joint Case Management Statement with this Court that did not include any reference to the New Jersey litigation. According to Newport, it discovered the existence of the New Jersey suit through its own Internet search and in July 2010 it sent a letter to Kennedy requesting it agree to dismiss or to stay the action until it is able to participate in settlement negotiations. Newport allegedly received no response.

In a purported attempt "to continue with settlement discussion," on December 3, 2010, Newport sent a draft settlement agreement to Kennedy involving transfer of six of the Pleasanton lots. Kennedy responded, "Notwithstanding the nature of the unsolicited proposal received from Newport, based upon our reading of the Injunction obtained by Neilan[3] in the courts of the state of New Jersey and [Kennedy's] discussion with Neilan's counsel, Kennedy is enjoined from considering same."

---

[3] According to KSI's New Jersey complaint, Neilan Holdings is the name of the entity that funded the Newport loan. Kennedy entered into the co-lenders agreement as the agent for Neilan.

Based on the foregoing, Newport claims that Kennedy violated Civil Local Rule 3-13 by not disclosing the existence of the New Jersey suit. It further contends that the New Jersey court order interferes with resolution of this case and the jurisdiction of this Court, as it "causes violation" of Civil Local Rules 16-3 and 16-8(b) and impedes the "general duty" of counsel to engage in settlement discussions in good faith. Thus, Newport seeks an order from the Court requiring that Kennedy participate in a settlement conference "with the requisite authority" to settle or, alternatively, moves to dismiss or stay this suit until resolution of the New Jersey action.

### III.  DISCUSSION

A defendant may move to dismiss an action based on the plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to follow a court order. *See* Fed. R. Civ. P. 41(b). While the Court retains inherent authority to impose sanctions for failure to comply with its orders, dismissal is a "harsh penalty," which is therefore appropriate only in "extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). In considering dismissal of an action for violation of a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61 (internal quotation marks and citations omitted).

In this case, Newport contends that Kennedy has violated the Rules of this Court by failing to file notice of the New Jersey action and serving it on all defendants in this suit. Civil Local Rule 3-13 requires that such notice be provided where a party learns that a case in this Court involves "all or a material part of the same subject matter and all or substantially all of the same parties as another action" pending in federal or state court. Kennedy disputes that "all or substantially all of the same parties" are involved in the New Jersey action as are present here. In fact, Kennedy is the sole party which overlaps both suits.[4]

---

[4]  The additional defendants in the New Jersey action are: M.L. Beer Investments, Inc.,; MMR Funding, L.P.; Lexis Funding, Inc.,; G&C Investments, Inc.; G&C Investments, Inc. MPP; JWJ Financial, Inc. MPP; Carol Wolfer, IRA; and J.K.G. Financing, Inc., DBP.

Additionally, Newport argues that the New Jersey injunction impedes Kennedy's ability to abide by Civil Local Rules 16-3 and 16-8. Rule 16-3 provides that "[u]nless otherwise ordered, the conferring and planning that is mandated by FRCivP 26(f) and by ADR Local Rule 3-5 must be done by lead trial counsel for each party." Local Rule 16-8 describes the Alternative Dispute Resolution (ADR) programs created by the Northern District and states that it is the policy of this District to assist parties in the just, timely, and cost-effective resolution of civil litigation. The Court, on its own or at the request of one or more parties, may refer the parties to one of the District's ADR program or a judicially hosted settlement conference. *See* Civil L.R. 16-8(a).

While Newport does not explicitly describe how Kennedy has violated these rules, its apparent complaint is that Kennedy, bound by the New Jersey injunction, lacks the authority to negotiate a settlement in good faith. Kennedy, for its part, admits that the preliminary injunction "currently bars settlement," but argues that it does not affect its Rule 26 obligations or interfere with litigation of the case. According to Kennedy, it must consider the co-investors of the loan made to Newport and, ultimately, neither the Federal Rules nor Rules of this Court require it to enter into any settlement.

As Newport has not indentified an act by Kennedy taken in violation of an Order of this Court, involuntary dismissal pursuant to Rule 41(b) is not warranted. As an alternative, Newport seeks an Order from the Court requiring the parties to participate in a settlement conference in good faith. Kennedy states that it is willing to participate in ADR, but believes that it would be more appropriate at a later time. Although it believes that a settlement already can be reached with the co-lenders' approval, Kennedy states that it will endeavor to have the preliminary injunction modified to allow expressly for that possibility. Pleadings recently closed in December 2010 after Kennedy filed its answer to Newport's first amended counterclaims. Thus, prior to any Court directed ADR efforts, the parties shall next appear at a Case Management Conference.

## IV. CONCLUSION

Newport's motion to dismiss is denied and its request that the Court order the parties to participate in a settlement conference at this time is also denied. The parties shall appear at a Case

Management Conference on April 21, 2011 at 10:00 a.m. and must submit a Joint Case Management Statement no later than one week prior to that conference.

IT IS SO ORDERED.

Dated:  3/7/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE